[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-11407

_____

D. C. Docket No. 03-11487-CR-J-J

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LLOYD CHATMAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the  Northern District of Alabama

_____

**(October 25, 2005)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Lloyd Chatman, Jr. appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1).  No reversible error has

been shown; we affirm.

Chatman first argues that the district court erred by not granting his motion for judgment of acquittal. He contends that the government failed to prove that he knowingly possessed a firearm. And, based on Chatman's corroborated testimony that he retrieved the firearm from a child playing with it and was on his way to the police station to drop off the gun when arrested, he maintains that he established a defense of justification.

We review the denial of a motion for judgment of acquittal de novo. United States v. Evans, 344 F.3d 1131, 1134 (11th Cir. 2003). "We view all the evidence in the light most favorable to the Government and draw all reasonable inferences and credibility choices in favor of the jury's verdict." Id.

To convict a defendant for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the government must prove, among other things, "that the defendant was in knowing possession of a firearm." United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000). We have characterized § 922(g)(1) as a "strict liability offense"; to establish that a defendant acts "knowingly," the government need not prove "that the defendant knew that his possession of a firearm was unlawful." Id. at 1298 (citation omitted).

The evidence, viewed in the light most favorable to the government, is

2

enough to support Chatman's conviction. First, a police officer, who recognized Chatman as wanted for outstanding warrants and who questioned Chatman as he was drinking beer in his truck with another man, testified that Chatman admitted that a gun found in his truck belonged to him. Chatman later told the officer that he had found the gun in a ditch. A Bureau of Alcohol, Tobacco and Firearms agent later interviewed Chatman. This agent testified that Chatman stated that he had found the gun in his girlfriend's mother's yard but that he picked up the gun because he was concerned about a child's finding it. Whatever version the jury believed, the common thread is that Chatman knowingly possessed the gun.

And Chatman's evidence did not establish a justification defense. To prove a justification defense in the § 922(g)(1) context, a defendant must show these things:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Deleveaux, 205 F.3d at 1297. At trial, Chatman and his girlfriend testified that he took the gun from a child who was playing with it and that he intended to take the gun to the police station. Chatman testified that he was bringing the gun to police

3

when apprehended in his truck but that a friend got into his truck before he could go to the police station. And the police officer who arrested Chatman testified that Chatman was sitting in his truck drinking beer with another man just before the officer discovered the gun. Even if justification might be proved in a way other than set out in Deleveaux the uncontroverted evidence of Chatman's dilatory behavior – after he allegedly took the gun from a child – falls far short of establishing a justification defense.[1]

Chatman next argues that the district court erred by instructing the jury that his purpose in possessing the firearm was not relevant. He contends that he thus was prevented from arguing the justification defense to the jury.[2] Chatman did not object to the district court's jury instructions: we review this claim for plain error. See United States v. Massey, 89 F.3d 1433, 1442 (11th Cir. 1996). Chatman correctly points out that the district court instructed the jury that his motive in possessing the gun was not relevant; this instruction limited Chatman's ability to

---

[1] We express no opinion on whether taking a gun from a child playhing with it would entitle a defendant to the justification defense.

[2] We reject Chatman's assertion that the district court prohibited him from presenting evidence on the justification defense. The district court overruled the government's motion in limine attempting to prevent Chatman from introducing such evidence. And Chatman did present evidence on his justification defense theory: that he seized the gun from children who were playing with it and planned to deliver the gun to the police.

4

argue justification to the jury.[3]   But, as we have said, the trial evidence was not sufficient to establish the "extraordinary circumstances" that would support a justification defense.  See e.g., Deleveaux, 205 F.3d at 1297.  Accordingly, no justification defense was warranted; and the district court committed no error, plain or otherwise, by failing to instruct the jury on the justification defense.

AFFIRMED.

---

[3]   While discussing the jury charges, the district court told defense counsel that it would instruct the jury that Chatman's "purpose or motive in possessing the firearm is not relevant. . . .  You may not state anything in closing argument that's contrary to law."  Defense counsel asked the court for clarification on the limits to closing argument, to which the court responded that it would not entertain such a ruling because it was not aware of what she would argue.  But the court reiterated that it was going to charge the jury that Chatman's purpose in possessing the firearm was not relevant.  Defense counsel then argued that the government had not met its burden of poof on the offense.  The court, with no objection from defense counsel, instructed the jury consistent with its earlier discussion.